GULOTTA, Judge.
This is an appeal from a judgment dismissing the claim of plaintiff, Ernest A. Bertaut, for reimbursement of funds expended by him in excess of those expended by defendant, Calvin P. Lee, upon the termination of the partnership previously existing between them.
In the early part of 1961, plaintiff and defendant formed a joint business venture known as the “Velvet Coin Operated Laundry”. This partnership continued in operation during the years 1961, 1962, 1963, and 1964. According to the terms of the agreement, the debts and obligations of the partnership were to be paid from the receipts of the business together with equal contributions from each partner. Additionally, an equal division of the profits and/or losses was to be made.
After some initial success, the venture became unprofitable and the parties entered into an agreement dated November 19, 1964, terminating the venture and providing for an accounting to be made of the expenses incurred by each partner and further providing that “the person who has the lesser amount (of expenses) will give to the other a note for one-half of the difference secured by a mortgage”. The reason for this stipulation was to have both partners to the venture equally share any costs or losses incurred.
Plaintiff filed suit seeking an accounting from the defendant in accordance with the agreement and further for reimbursement for one-half of the amount of the expenses incurred by him in excess of those expended by the defendant.
Plaintiff’s claim is based on defendant’s failure to credit him with certain expenditures made on behalf of the partnership. Particularly, plaintiff claims that he should be reimbursed $5,600, this sum being an annual payment made by him on the mortgage securing real property owned by the partners. Bertaut and Lee had purchased property located on Metairie Avenue and Bonnabel streets for the sum of $25,000. After the initial payment of $5,000, the balance of the purchase price was to have been paid in five equal annual installments of $5,000 together with 6 percent interest. Plaintiff contends that the first annual installment was paid by him, and to that extent, he is entitled to a credit.
An additional claim in the sum of $5,199.30 is'made by plaintiff based on receipts from payment of particular, and specific expenses of the business for which he received no reimbursement. However, Bertaut concedes this amount sought to be reimbursed erroneously included the sum of $1,500 in receipts. He admits in brief and in argument that after the deduction his claim is properly reduced to the sum of $3,699.30. He complains, however, that the trial judge again deducted this amount, i. e., the sum of $1,500 in his erroneous computation thereby causing a dual deduction prejudicing plaintiff to that extent.
Bertaut argues that the trial court erred in denying the foregoing claims and further erred in not crediting the sum of $2,450 to his account as part of the list of *670 expenditures while at the same time crediting that amount to Lee.
Lee, on the other hand, claims that he has incurred further obligations and has made further expenditures on behalf of the partnership for which he should be given additional credit. He claims these amounts in addition to the sum of $19,382 conceded by Bertaut to have been expended by Lee and utilized by the trial court in rendering judgment. Lee contends that he is entitled to a credit for the sum of $3,000, which he paid to Bertaut in settlement of the indebtedness owed to Borge-Warner Acceptance Corporation by the partnership. He additionally claims credit for the payment of the sum of $2,661.88 in uncollected commissions paid by him during the existence of the joint venture. These payments, he contends, were for the account of the Green Acres store prior to the cutoff date of October 1, 1964. Lee further claims a credit in the sum of $800 for expenses incurred on behalf of the Green Acres store during the existence of the venture were paid after the cutoff date of October 1, 1964.
At the outset, we deem it necessary to dispose of Lee’s claim for the additional expenditures in excess of the sum of $19,382. We are in agreement with the trial judge in not allowing these additional credits.
As to the $3,000 payment, Borge-Warner had offered to settle the $14,-000 account for $6,000 and return of the equipment. Lee agreed, but Bertaut desired to keep the equipment, and Lee therefore paid $3,000 to Bertaut for a complete release from the indebtedness which Ber-taut then assumed in full. Bertaut is responsible for the payment of the full amount, and, therefore, Lee’s payment to Bertaut is offset by Bertaut’s obligation to pay the full indebtedness. The trial judge further did not allow a credit to Lee for the uncollected commissions paid during the existence of the joint venture. Though not covered in his reasons for judgment, he obviously concluded that Lee failed to show that these items were not taken into consideration in prior accounting statements or that these expenditures were properly identified. Lee simply failed to sufficiently carry the burden of proof required for these items, as he did not support his testimony with any documentary evidence. We find no error in this determination. Insofar as the claim for payments made by Lee subsequent to the cutoff date of October 1, 1964, for the expenses of the Green Acres store, the agreement terminating the partnership is controlling. The language in the agreement which provides that Lee shall not charge any sums paid by him on account of the Green Acres store after October 1, 1964, is clear. Accordingly, Lee is not entitled to a credit for this expenditure.
In view of Bertaut’s concession that Lee expended $19,382 on behalf of the joint venture, and in view of our determination that Lee is not entitled to any additional credits claimed by him, the remaining issue then is to what extent, if any, the business is indebteded to Bertaut over and above the sum of $19,382 expended by Lee. Lee would be liable for reimbursement to Ber-taut to the extent of one-half of the difference.
In connection with the claim for the $5,600 payment made by Bertaut, representing the first annual payment of principal and interest on the real property owned by the partners, the trial judge concluded that this amount was reimbursed to Ber-taut upon the resale of the property and, therefore, he could not claim this amount as a credit.
The record reflects that on September 14, 1961, plaintiff and defendant purchased the Metairie Avenue and Bonnabel Boulevard property for the price of $25,000. The sum of $5,000 was paid in cash and the balance was to have been paid in four equal annual installments with interest at the rate of 6 percent. Upon the first installment being due, Lee wanted to sell the *671 property. However, Bertaut wanted to retain the ownership. Bertaut then paid the first annual payment amounting to $5,600. Subsequently, the property was sold by Bertaut and Lee to Mrs. Marie Lassalle Loup, Bertaut’s mother-in-law, for the price of $16,000. The act of sale recited that the sum of $400 was paid to the seller in cash and for the balance of the purchase price, Mrs. Loup assumed the mortgage bearing against the property then reduced in principal to the sum of $15,000.
On September 29, 1965, Mrs. Loup sold the property for the price of $30,000. Both Lee and Bertaut joined in the sale. That amount received from the sale in excess of the obligations incurred by Mrs. Loup in connection with her assumption of the mortgage was given to Bertaut. There is no denial by him that he received the difference but, on the contrary, this fact is uncontested. This amount is well in excess of the contested sum of $5,600.
While Bertaut may have advanced the amount in dispute for the annual payment on behalf of the property belonging to the partners, he also received the return of that amount upon the sale of the realty. Additionally, he received a profit on the venture, although this matter is not in issue here. Having been remitted the profits of the sale less the amount paid on the outstanding mortgage assumed by Mrs. Loup, Bertaut cannot now assert a claim for this amount. We agree with the conclusions of the trial judge in denying a credit to Bertaut.
Bertaut further claims that he should receive a credit for the sum of $2,450 in accordance with the terms of the termination agreement providing that upon the sale of the real property Mrs. Loup would turn over to Bertaut the overplus fixed at $2,450, “which said amount shall be used in reduction of the total amount invested, or bills paid on behalf of the general operation by Ernest A. Bertaut”. He claims that the conceded amount that Lee contributed, i. e., $19,283 includes a credit of $2,450 representing one-half of the down payment made by the partners at the time the real property was purchased. However, Bertaut overlooks the fact that he received a return of this amount at the time that the real property was sold for $30,000 and that, therefore, he has been reimbursed this amount. Accordingly, he is not entitled to any credit in connection with this claim.
The remaining claim asserted by Bertaut is for the sum of $5,199.30 represented by various receipts for payments made by him personally on behalf of a joint venture. The trial judge in his reasons for judgment stated that the claims were unsupported by any vouchers, drafts, receipts or other probative evidence of payment except the testimony of the plaintiff. He, therefore, concluded that plaintiff failed to bear the burden of proof necessary to sustain, by a preponderance of evidence, that he advanced the funds for .the payment of accounts claimed by him. We find no error in the conclusion of the trial judge as to this part of plaintiff’s claim.
The testimony of Edward Heinz, a certified public accountant, who prepared income tax returns and trial balances for the business, shows that the entries were made either from a checkbook, or from cash transactions, as well as from representations made by the partners. He observed that there was little or no support or backup material for some of the entries. It is obvious from the testimony and exhibits that the accounting procedures employed by the partnership were haphazard and ineffective. As the trial judge properly stated in his reasons for judgment, Heinz was compelled to rely on the information furnished by the parties and could not for the want of proper and adequate business records properly verify or substantiate the accuracy of the entries.
Bertaut, in his attempt to show that he made particular payments from his own funds and not those of the partnership, offered innumerable receipts in varied *672 amounts. It is significant that the receipts merely showed that payments were made and sometimes indicated the items purchased. Sufficient evidence, however, was lacking to show that Bertaut personally had paid these amounts or that these amounts were paid from his funds and not those belonging to the partnership. Ber-taut did not adequately prove the source of the alleged payments. Bertaut lists several bills he made out of personal funds to Rudolph Ramelli Company. Two of these items ($98.98 and $206.78) were included in the sum of $1,500 of doubtful items which he abandoned in the trial court in reaching his adjusted gross expenditure. However, other amounts based on alleged payments by him to Ramelli remain. Ber-taut claims that he paid truck drivers employed by Ramelli for merchandise delivered. Yet, these assertions that he paid out of personal funds were refuted by George Mahl and Hector Boudreaux, both truck drivers for Ramelli at the time of the partnership, who testified that when they delivered to the laundry, payment was made by a lady who obtained the money from the coin box in the machines.
The record contains other inconsistencies in plaintiff’s claims for a credit in the sum of $5,199.30. Therefore, the trial judge properly observed that the plaintiff failed to carry the burden of proof in this regard, and we find no manifest error in this conclusion.
We are of the opinion, however, that the court erred in deducting $1,500 from the total amount to be credited to Bertaut since Bertaut had already reduced his claim by that sum to eliminate doubtful items from his claim. The court in ascertaining that Bertaut had expended $29,100 obviously deducted the sum of $1,500 from the total receipts. The actual amount claimed by Bertaut was $30,671.85, not $29,100, as computed by the trial judge. Of this amount, $25,472.55 is represented by canceled checks. The balance of plaintiff’s demand is represented in the $5,199.30 claim made by him together with reimbursement of the initial annual payment on the real property. Bertaut conceded that the $1,500 figure representing doubtful items could not properly be credited to him and accordingly reduced his claim from $5,199.30 to the sum of $3,699.30. The trial judge in deducting $1,500 from his original figure commenced his computation with the sum of $29,100 in lieu of $30,671.85 although plaintiff in his claim had conceded that the amount sought by him must be reduced by $1,500. Thus, the trial judge used in his computations both the conceded $1,500 reduction and his erroneous initial deduction in the sum of $1,500 resulting in a dual deduction of that amount. It necessarily follows that an additional amount of $1,500 must be credited to Bertaut’s account than that recognized by the trial judge.
It is our conclusion that the contributions made by Bertaut to the joint business venture are as follows:
$30,671.85 - Original amount sought
5,600.00 - Less the amount received by Bertaut from the sale of real property
$25,071.85
5,199.30 - Less unproved claim of plaintiff
$19,872.55 - Bertaut's total expenditure on behalf of the venture
19,382.00 - Less Lee's expenditure on behalf of the joint venture
$ 490.55 - Amount Bertaut expended in excess of amount Lee expended, one-half of which amount Lee Is indebted to Bertaut
Or alternatively computed as follows:[1]
$25,472.55 - This amount Is substantiated by canceled checks and not In contest and was expended by Bertaut
5,600.00 - Less the amount received by Bertaut _ from the real property
$19,872.55 - Bertaut's total expenditure on behalf of the venture
19,382.00 - Lee's expenditure on behalf of the _ joint venture
$ 490.55 - One-half of which amount Lee Is Indebted to Bertaut
Therefore, Bertaut has contributed $490.55 to the business venture more than *673 Lee. According to the termination agreement, Lee is responsible to Bertaut for one-half of the excess expended by Ber-taut, or the sum of $245.22.
Accordingly, the judgment of the trial court is reversed, and there is now judgment in favor of plaintiff, Ernest A. Ber-taut, and against the defendant, Calvin P. Lee, in the sum of $245.22 with legal interest thereon from date of judicial demand until paid. Costs are to be divided equally between the parties.
Reversed and rendered.

. The alternate computation clearly illustrates that the sum of $1,500 was twice deducted from plaintiff’s claim.